UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY HICKS<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GONZALES,<br><br>　　　　Defendant. | 1:13-CV-0379-LJO-MJS<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

On March 15, 2013, Danny Hicks ("Plaintiff"), an individual proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Plaintiff's Complaint is now before the Court for screening. No other parties have appeared in this action.

I. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

## II. PLAINTIFF'S CLAIMS

Plaintiff is currently housed at California State Prison in Corcoran, California. He was previously housed at "Delano State Prison" in Delano, California, where the events alleged in his Complaint occurred. Plaintiff names Correctional Officer Gonzales as the sole Defendant in this action. Plaintiff alleges Defendant Gonzales violated his rights under the Eighth and Fourteenth Amendments in the manner summarized below:

When Plaintiff was in line for his medications on October 11, 2012, Defendant Gonzales asked another inmate of a different race than Plaintiff to stab Plaintiff. Defendant Gonzales told the inmate he would provide the inmate with a knife.

Plaintiff asks for $250,000 in punitive damages.

## III. ANALYSIS

### A. 42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself

a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Ketchum v. Alameda Cnty.</u>, 811 F.2d 1243, 1245 (9th Cir. 1987).

**B. <u>Eighth Amendment Claim</u>**

Plaintiff appears to be alleging a condition of confinement claim against Defendant Gonzales for encouraging another inmate to harm Plaintiff.

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994). Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. <u>Farmer</u>, 511 U.S. at 832–33; <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998). An inmate has no constitutional right, however, to enjoy a particular security classification or housing. <u>See</u> <u>Meachum v. Fano</u>, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); <u>see also</u> <u>Myron v. Terhune</u>, 476 F.3d 716, 718 (9th Cir. 2007). Further, "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation[.]" <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987) (quoting <u>Collins v. Cundy</u>, 603 F.2d 825 (10th Cir. 1979)).

Rather, to state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. <u>Farmer</u>, 511 U.S. at 834; Frost, 152 F.3d at 1128;

Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1442.

To determine whether the alleged use of force was excessive, this court must assess the following factors: "(1) the need for the application of force, (2) the relationship between the need and amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline." White v. Roper, 901 F.2d 1501, 1507 (9th Cir. 1990). In the context of a facility disturbance, "the question of whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320B21 (1986)).

Plaintiff fails to allege a condition of confinement claim against Defendant Gonzales. He alleges that Defendant Gonzales told another inmate to stab Plaintiff while the latter two were waiting for medications. Though of course reprehensible if true, there is no indication that the comment ever reached the level of an actual and serious threat to Plaintiff's safety. Plaintiff will be given leave to amend this claim to allege true facts, if any, which bring the pleading in line with the above legal authorities and indicate an actual, serious threat that put Plaintiff at risk rather than simply an ill-advised facetious or mean-spirited comment.

**C. Fourteenth Amendment Claim**

It may be that Plaintiff seeks to allege that his facts reflect a violation of his equal protection rights.

The Equal Protection Clause of the Fourteenth Amendment requires that persons who

4

are similarly situated be treated alike. <u>City of Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class. <u>See, e.g.</u>, <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage. <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000); <u>San Antonio School District v. Rodriguez</u>, 411 U.S. 1 (1972); <u>SeaRiver Mar. Fin. Holdings, Inc. v. Mineta</u>, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. <u>Village of Willowbrook</u>, 528 U.S. at 564.

Plaintiff has not alleged a claim under either possible standard. Plaintiff does not allege he was a member of a protected class or a member of an identifiable class treated differently from others similarly situated or without rational basis. Plaintiff will be given leave to amend this claim to allege facts bringing it within the above-outline criteria.

## IV. <u>CONCLUSION AND ORDER</u>

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with an opportunity to amend to cure the deficiencies in his claim. <u>Lopez v. Smith</u>, 203 F.3d at 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new,

5

unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff=s constitutional rights, Iqbal, 556 U.S. 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.  The Clerk's Office shall send Plaintiff a complaint form;

2.  Plaintiff's Complaint, filed March 15, 2013, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3.  Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4.  If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:  May 29, 2013            /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

6