UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY HICKS<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GONZALES,<br><br>　　　　Defendant. | 1:13-CV-0379-LJO-MJS<br><br>FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF PLAINTIFF'S ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 8)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

On March 15, 2013, Danny Hicks ("Plaintiff"), an individual proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

The Court screened Plaintiff's initial Complaint and dismissed it for failure to state a claim, but gave leave to amend. (ECF No. 7.) Plaintiff has since filed a First Amended Complaint (Am. Compl., ECF No. 8), which is now before the Court for screening. No other parties have appeared in this action.

I. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

## II.  PLAINTIFF'S CLAIMS

Plaintiff is currently housed at California State Prison in Corcoran, California. He was previously housed at "Delano State Prison" in Delano, California, where the events alleged in his Amended Complaint occurred.

Plaintiff alleges that the following individuals subjected him to severe emotional and psychological trauma: 1) Correctional Officer Gonzales, correctional officer at Delano State Prison, 2) appeals coordinator at Delano State Prison on the Facility 'D' yard, 3) captain on Facility 'D' yard, and 4) the warden of Delano State Prison.

Plaintiff's allegations are summarized as follows:

When Plaintiff was in line for his medications on October 11, 2012, Defendant Gonzales asked another inmate of a different race than Plaintiff to stab Plaintiff. Defendant Gonzales told the inmate he would provide the inmate with a knife. Plaintiff was emotionally and mentally traumatized by this incident.

Plaintiff asks for compensatory and punitive damages.

## II. ANALYSIS

### A. 42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### B. Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has failed to link the appeals coordinator at Delano State Prison, the captain on Facility 'D' yard, or the warden of Delano State Prison to any alleged wrongdoing in his first

Amended complaint. In order to state a claim against these Defendants, Plaintiff should have alleged how each of them personally participated in a deprivation of his rights. Plaintiff has now twice failed to do this despite having been instructed of the need to do so and having been given the opportunity to do so. No useful purpose would be served by instructing him once again and giving him a third opportunity to correct the omission. He will not be given leave to amend as to these purported Defendants.

### C. Eighth Amendment Claim

Plaintiff again fails to allege any statutory basis for his claims against Defendant Gonzales. His allegations appear best characterized as an Eighth Amendment conditions of confinement claim. The Court previously provided him with the standard for an Eighth Amendment conditions of confinement claim. (ECF No. 7.) The Court will analyze the amended Complaint under that standard.

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer, 511 U.S. at 832–33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). An inmate has no constitutional right, however, to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Further, "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation[.]" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)).

Rather, to state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials

4

were "deliberately indifferent" to those risks. Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1442.

To determine whether the alleged use of force was excessive, this court must assess the following factors: "(1) the need for the application of force, (2) the relationship between the need and amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline." White v. Roper, 901 F.2d 1501, 1507 (9th Cir. 1990). In the context of a facility disturbance, "the question of whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320B21 (1986)).

Plaintiff has again failed to allege a "conditions of confinement" claim, or any other conceivable claim, against Defendant Gonzales. He alleges that Defendant Gonzales told other inmates of a different race than Plaintiff to stab Plaintiff. Though of course reprehensible if true, there is no indication that the comment ever reached the level of an actual and serious threat to Plaintiff's safety. Despite the Court's previous direction and invitation to Plaintiff to provide information that demonstrated Plaintiff was faced with an actual, serious threat that put him at risk (and not just an ill-advised facetious or mean-spirited comment), Plaintiff has not done so here. Instead of including additional facts, Plaintiff simply added additional defendants to his claim. Plaintiff will not be given further leave to amend this claim.

### IV. **CONCLUSION AND RECOMMENDATION**

Plaintiff's First Amended Complaint fails to state any claims upon which relief may be granted under section 1983. Plaintiff was previously notified of the deficiencies in his claims and given leave to amend. Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's action be dismissed for failure to state any claims under 42 U.S.C. § 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: December 23, 2013    /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE